Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**DALIP SINGH MANN**,<br><br>Debtor. | Case No. 10-33416-B-7<br>DCN: SMD – 1<br><br>DATE: January 4, 2011<br>TIME: 9:32 A.M.<br>LOCATION: 501 I Street, 6th Floor<br>Department B<br>Courtroom 32 (6th Floor)<br>Sacramento, CA 95814 |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE**

TO: THE HONORABLE THOMAS C. HOLMAN, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTOR; AND, THE DEBTOR'S ATTORNEY.

The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of DALIP SINGH MANN, (the "Debtor"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in the following vehicles:

- 2005 Honda Accord in "as is" condition, to Debtor, for a total of $4,500 cash;
- 2002 BMW M3 in "as is" condition, to Debtor, for a total of $13,000 cash, less credit for the Debtor's C.C.P. §703.140(b)(5) exemption in the amount of $10,000;
- 2003 BMW 745Li in "as is" condition, to Debtor, for a total of $14,300 cash, less credits for the Debtor's C.C.P. §703.140(b)(5) exemption in the amount of $8,649 and §703.140(b)(2) exemption in the amount of $3,525;
- 2000 Nissan Maxima in "as is" condition, to Debtor, for a total of $1,600 cash;
- 2003 Kawasaki Vulcan bike in "as is" condition, to Debtor, for a total of $800 cash.

- With the net buyback amount to be $12,000 after credits for the monetary exemptions described above.

In support of this motion, the undersigned Trustee respectfully represents the following:

1. The Debtor filed a voluntary Chapter 7 Bankruptcy Petition on or about May 21, 2010, and an Order for Relief was entered thereon.

2. Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about May 21, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(A), (N) and (O).

4. The Debtor filed Schedule B on or about May 21, 2010, and disclosed personal property described as follows:

- 2005 Honda Accord;
- 2002 BMW M3;
- 2003 BMW 745Li;
- 2000 Nissan Maxima;
- 2003 Kawasaki Vulcan.

(hereinafter collectively referred to as the "Motor Vehicles"), having a total disclosed market value of $34,200.

5. The Debtor's Schedule "C" filed on or about May 21, 2010, claimed monetary exemptions §703.140(b)(5) in the amount of $10,000 for the BMW M3 and $8,649 for the BMW 745 Li and exemption §703.140(b)(2) in the amount of $3,525.

6. The Debtor's Schedule D filed on or about May 21, 2010, disclosed no indebtedness nor obligations secured by the Motor Vehicles.

7. The Debtor, through his attorney, Mr. John O'Donnell, has presented an offer in the amount of $34,200 ($12,000 net of exemptions) to purchase the aforementioned Motor Vehicles in an "as-is" condition from the Bankruptcy Estate

|  | $34,200 | Debtor's Offer to Purchase the Subject Personal Property |
|---|---|---|
| Less: | 10,000 | Credit for Debtor's §703.140(b)(5) exemption |
|  | 8,649 | Credit for Debtor's §703.140(b)(5) exemption |
|  | 3,525 | Credit for Debtor's §703.140(b)(2) exemption |
|  | $12,000 | Net Purchase Amount to be tendered by the Debtor (rounded) |

8. The payment will be made in one payment in the form of Cashier's Check to the undersigned Trustee for the purchase of the Motor Vehicles.

9. The undersigned Trustee believes that the immediate liquidation of the Subject Personal Property is in the best interest of the Bankruptcy Estate. This proposed sale would also alleviate the typical costs incurred with the sale of vehicles (i.e. smog check and smog certificate, auctioneer's commission, repairs, etc.) and any sales commission attendant to a sale. Therefore, the Trustee requests the approval from this Court to sell the aforementioned Motor Vehicles to the Debtor for the amount of $34,200, less credits in the amounts of $10,000 and $8,649 representing the Debtor's claimed §703.140(b)(5) exemption and $3,525 representing the Debtor's claimed §703.140(b)(2) exemption, subject to any overbids tendered at the Court hearing.

10. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $200.00 from qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Motor Vehicles to the Debtor in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amounts of $10,000, $8,649, and $3,525 directly to the Debtor from the sale of proceeds of the subject Motor Vehicle if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: November 22, 2010  /s/ Susan M. Didriksen  
Susan M. Didriksen, Chapter 7 Trustee